[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
Before the court is the defendant's motion to strike the CUTPA claim and the prayer for common law punitive damages in the plaintiff's amended complaint. The plaintiff, Enviro Express, Inc. alleges the following facts in its amended complaint. The defendant, Bridgeport Resco Co., L.P., owns and operates a resource recovery facility in Bridgeport and disposes of solid waste. Enviro hauls waste for Resco to licensed disposal facilities designated by Resco. Enviro and Resco have been doing business with each other since 1988, and, over the course of their relationship, have entered into several agreements. On June 9, 1999, they entered into an agreement related to hauling fees. Enviro alleges that on March 7, 2000, Resco notified Eviro of its intent to reduce the hauling fee that it pays to Enviro, and that on or about May 9, 2000, Resco "unilaterally" reduced the hauling fee by $2.
In the three count amended complaint, filed on August 21, 2000, Enviro asserts causes of action against Enviro for breach of contract, violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a, et seq, and breach of the implied covenant of good faith and fair dealing. In its prayer for relief, Enviro seeks money damages, CT Page 2653 common law punitive damages for its breach of the implied covenant claim, and punitive damages and attorney's fees for its CUTPA claim.
On September 20, 2000, Resco filed a motion to strike Enviro's CUTPA claim and its prayer for common law punitive damages on the grounds that Enviro bases its CUTPA claim on legal conclusions that are not supported by factual allegations, improperly bases its CUTPA claim on a breach of contract claim, and that common law punitive damages cannot be recovered for breach of an implied covenant of good faith and fair dealing. Resco filed a memorandum in support of its motion. Enviro filed an objection to the motion to strike and a memorandum in support thereof in which it asserts that its CUTPA claim is legally sufficient and that common law punitive damages can be recovered under Connecticut law.
In ruling on a motion to strike, the role of the trial court is to examine the complaint, construed in favor of the plaintiff, and to determine whether the plaintiff has stated a legally sufficient cause of action. Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216. 232-233 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L.Ed.2d 308
(1997). It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Pursuant to Practice Book § 10-39, a court can strike a claim for relief "only if the relief sought could not be legally awarded." PamelaB. v. Ment, 244 Conn. 296, 325 709 A.2d 1089 (1998).
In count one, Enviro asserts that Resco's conduct in unilaterally reducing the hauling fee violates the terms of the parties' June 9, 1999 agreement and constitutes a breach of contract. In count two, Enviro incorporates by reference the allegations made in count one and asserts that Resco's conduct constitutes an unfair and deceptive trade practice in violation of CUTPA.
It is well settled that in determining whether a practice violates CUTPA the courts have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, CT Page 2654 or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other business persons. HartfordElectric Supply Co. v. Allen-Bradley Co., Inc., 250 Conn. 334, 367-68736 A.2d 824 (1999). All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Id.
A majority of the Superior Court cases support the claim that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA; a claimant must show substantial aggravating circumstances to recover under the Act. (Internal quotation marks omitted.) Day v. YaleUniversity, Superior Court, judicial district of New Haven at New Haven, Docket No. 400876 (March 7, 2000, Licari, J.) (26 Conn.L.Rptr. 634, 639); see also Giannetti v. Greater Bridgeport Individual PracticeAssn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355718 (April 22, 1999, Melville, J.). However, "the same set of facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. . . ." (Citation omitted.) Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71, 605 A.2d 550
(1992). Thus, where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion to strike.Benvenuti Oil Co. v. Foss Consultants, Inc., Superior Court, judicial district of New London at New London, Docket No. 542755 (April 6, 1999,Mihalakos, J.). On the other hand, a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. Giannetti v. Greater Bridgeport Individual Practice Assn., supra, Superior Court, Docket No. 355718.
In this case, in count two, Enviro alleges facts beyond a simple breach of contract that are sufficient to support a CUTPA violation. Enviro contends that the parties entered into the June 9, 1999 agreement to resolve prior litigation between them and that Resco's breach of the agreement less than one year later indicates it never intended to fulfill the terms thereof and entered into the agreement solely to terminate the prior litigation. Enviro further asserts that in violating the June, 1999 agreement, Resco acted with a tortious intent because it unilaterally reduced the hauling fee without negotiating a reduction and without giving consideration to Enviros position. Such conduct, if proven, might well constitute an unscrupulous conduct and thus an aggravation of a simple matter of breach of contract. Accordingly defendant's motion to CT Page 2655 strike count two is hereby denied.
Resco also alleges that Enviro's prayer for common law punitive damages for its cause of action for breach of the implied covenant of good faith and fair dealing should be stricken on the ground that Enviro cannot recover punitive damages because it fails to allege conduct by Resco that supports such a recovery. Resco, however, does not move to strike Enviro's cause of action for breach of the implied covenant. Punitive damages awards are not ordinarily available in a contract action unless tortious conduct that is malicious, wilful or reckless is alleged. Cityof Hartford v. International Assn. of Firefighters, Local 760,49 Conn. App. 805, 817, 717 A.2d 258, cert. denied, 247 Conn. 920,722 A.2d 809 (1998). In count three, Enviro incorporates the allegations it made in count one, and asserts that Resco acted with wilful or reckless disregard of Enviro's rights. The factual allegations contained in counts one and three are. however, insufficient to support Resco's contention that Enviro's conduct was wilfully, recklessly. or maliciously tortious. Therefore, Resco's motion to strike Enviro's prayer for common law punitive damages is hereby granted.
For the reasons hereinbefore expressed Resco's motion to strike Enviro's CUTPA claim is denied; Resco's motion to strike Enviro's prayer for common law punitive damages is granted.
MELVILLE, J.